## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

```
AUDREY ASKEW                    :
                                :
v.                              :   Civ. No. WMN-06-666
                                :
BON SECOURS HEALTH SYSTEM, INC. :
```

## MEMORANDUM

Before the Court is Defendant Bon Secours Health System, Inc.'s Motion to Compel and for Attorney's Fees and Costs and its Motion to Strike Plaintiff's Expert Disclosures, to Extend the Time in which Defendant May Provide its Expert Disclosures, and for Attorney's Fees and Costs.  Papers No. 30, 33.  Also before the Court is Plaintiff Audrey Askew's Motion to Compel Discovery Propounded for Bon Secours.  Paper No. 37.  These motions are each ripe for decision.  Upon a review of the motions and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion to compel will be granted, Defendant's motion to strike Plaintiff's expert disclosures will be granted, and Plaintiff's motion to compel will be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The underlying complaint in this case asserts claims for employment discrimination and violations of the Family Medical Leave Act ("FMLA") arising from Bon Secours' termination of

Askew's employment.[1]  The scheduling order in this case, issued
on June 6, 2006, set August 7, 2006, as the deadline for Askew's
expert disclosures and September 5, 2006, as the deadline for Bon
Secours' expert disclosures.[2]  The order set the deadline for the
completion of discovery as October 19, 2006.  Paper No. 27.  On
October 11, 2006, the Court granted Bon Secours' opposed motion
to extend complete discovery to January 17, 2007.  Paper No. 36.

In its instant motion to compel, Bon Secours claims that
Askew has failed to provide full and complete responses to
specific interrogatories and document requests.  In its motion to
strike Askew's expert disclosures, Bon Secours argues that those
disclosures were both untimely and substantively deficient.
Askew has opposed the motion to compel, but has not opposed Bon
Secours' motion to strike expert disclosures.  In her own motion
to compel, Askew contends that Bon Secours has failed to produce
requested documents and failed to respond sufficiently to
specific interrogatories.

---

[1]  Plaintiff's original complaint, filed in state court,
asserted a variety of claims against Defendant and several
individual parties.  On April 27, 2006, the Court dismissed most
of Plaintiff's causes of action, including all of Plaintiff's
claims against individual Defendants.  Paper No. 15.

[2]  On September 6, 2006, the Court granted Bon Secours'
unopposed motion to extend its expert disclosure to October 5,
2006.  Paper No. 20.

## II.  DISCUSSION

### A.  Bon Secours' Motion to Compel

On June 28, 2006, Bon Secours served discovery requests on Askew's counsel by mail.  Response to those requests were due by July 31, 2006.  Fed. R. Civ. P. 33(b)(3), 34(b) (requiring responses to interrogatories and document requests within 30 days of service).  Bon Secours ultimately received responses with a service date of August 19, 2006.  Following a conference call on September 13, 2006, regarding the deficiency of the responses, Askew's counsel agreed to submit supplemental responses by September 18, 2006.  Because of the deficiency remaining in those supplementary responses, Bon Secours filed the instant motion to compel.

In its motion, Bon Secours requests full and complete answers to interrogatories 2, 4, 7, 8, 9, 12, 13, 14, 18, and 22 and to document requests 1, 7, 13, 16, 17, 18, and 30.  Bon Secours also asks that Askew be compelled to specify which documents previously produced are responsive to specific requests.  Askew's opposition to the motion argues that her initial and supplemental responses sufficiently satisfy Bon Secours' requests.

### 1. Interrogatory Responses

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court has broad discretion in deciding whether to compel

answers to interrogatories.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995).  Here, the Court finds that Askew's responses to the interrogatories in question are deficient.

Interrogatory No. 2 requests that Askew describe conversations she had regarding the facts alleged in the complaint, including the substance, place, date, participants, and witnesses to those communications.  Askew's response mentions discussions she had regarding work-place discrimination, but does not provide any particularities with regard to the substance, dates, locations, or witnesses to those discussions.  Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 4 requests disclosures required of expert witnesses in accordance with Federal Rule of Civil Procedure 26. The Court's decision regarding Askew's expert witnesses is discussed in detail below.

Interrogatory No. 7 requests specific details regarding Askew's allegation that she had protested or complained about Bon Secours' unlawful employment practices.  Askew's supplemental responses provide no information regarding the facts leading to her complaints, the substance of those complaints, the dates of the complaints, or any response made by Bon Secours.  Askew will be compelled to supplement her response by providing this

4

information.

Interrogatory No. 8 requests the specific details relating to Bon Secours' alleged acts of discrimination.  Askew's response refers to her being denied access to training sessions and alleges that she had been falsely "written up," however, Askew does not provide information regarding the dates and subject matter of the training sessions, the substance of the "write ups," or the identities of those responsible for these alleged actions.  Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 9 requests that Askew describe in detail the occurrences which contributed to the creation of a racially hostile work environment.  Askew's response alleges that she had been "written up for false reasons" and that two co-workers had made racial slurs and shouted at her.  Askew's response does not provide any information regarding the content, dates, frequency, or facts surrounding the alleged false "write ups," nor does it provide information regarding the dates, substance, and facts surrounding the alleged shouting and racial slurs.  Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 12 requests that Askew identify and describe the facts regarding each meeting, training session, and hiring decision from which she alleged she was excluded.  Askew

response states: "Lawson training, Capital Process training, MA 126 training, procedures – for month old close."  This response fails to identify much of the relevant information requested in the interrogatory including the dates of the meetings, the individuals involved, and the facts upon which Askew based her claim that she had been intentionally excluded from the meetings. Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 13 requests that Askew itemize and explain the calculation of her damage amount.  Askew's response simply lists the categories of damages she is seeking and does not identify how the sum she is seeking has been calculated.  Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 14 requests that Askew identify attempts she has made to mitigate the damage amount.  Askew responds that she sent resumes for jobs and was ultimately hired, however, her response provides no information regarding when she sent resumes, to whom, or when she was hired.  Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 18 requests that, if Askew had mentioned any medical or psychological professionals in answering the foregoing interrogatories, she identify them and the details regarding any treatment she may have sought.  Askew's response

referred to the names and addresses of two professional service providers, however, it failed to provide information regarding her symptoms, the type of treatment provided, the dates of the treatment, or the results of the treatment.  Askew will be compelled to supplement her response by providing this information.

Interrogatory No. 22 requests that Askew describe the relevant details surrounding the surgical procedure upon which she bases her FMLA claim.  Initially, Askew claimed to have no knowledge regarding the procedure, however, in her supplemental response, Askew identifies the name of her surgeon and the place on her body where the operation was performed.  Askew's supplemental response fails to identify any of the general information requested including whether the operation required an overnight stay at the hospital, the dates and manner of her claimed incapacitation, details regarding any follow-up treatment, and the names of the health care providers who administered any follow-up treatment.  Askew will be compelled to supplement her response by providing this information.

## 2.  Request for Production of Documents

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to request any document which is relevant to the subject matter involved in a pending action.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2206 (2d ed. 1994).  Rule 26 defines the scope of

discovery permissible under Rule 34.  Id.  Where a party fails to respond to a Rule 34 request for the discovery of documents, the requesting party may move for an order to compel under Rule 37(a).  Id. at § 2214 (noting that the party refusing discovery must show some sufficient reason why otherwise discoverable documents should not be disclosed).  Here, the Court finds that Askew's responses to the request for production of documents are deficient.

Request 1 seeks documents relating to Askew's employment with Bon Secours and the allegations of discrimination made in the complaint.  Askew's response contends that this request is too broad and burdensome and that it is not calculated to lead to admissible evidence.  Bon Secours' request seeks documents relevant to the subject matter involved in the complaint.  Thus, Askew will be compelled to provide the requested documents.

Request 7 seeks documents Askew relied upon in preparing the complaint, the EEOC charges of discrimination, and the responses to Bon Secours' interrogatories.  Askew replies that "Response is too broad, and implicates attorney work product."  Documents prepared in anticipation of trial may be immune from discovery. Fed. R. Civ. P. 26(b)(3).  Request 7, however, seeks documents relied upon by Askew in her preparation for trial, not those prepared by Askew or her attorney.  Responsive documents which were not created in preparation for trial are not immune from discovery under Rule 26 and Askew will be compelled to produce

8

them.  To the extent that Askew maintains that Request 7 seeks privileged work product, she must comply with the requirements of Rule 26(b)(5), which provides that a party making a claim of privilege must "describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  See also Hall v. Sullivan, 231 F.R.D. 468, 473 (D. Md. 2005) (noting that a party must identify any applicable privilege with the specificity required by Rule 26(b)(5), and Discovery Guideline 9(c), Appendix A, Local Rules, United States District Court for the District of Maryland).

Request 13 seeks documents "that refer to, discuss or relate to any response that [Askew] believe[s] Bon Secours should have taken in response to any complaint [Askew] made of racial discrimination, harassment and/or retaliation."  Askew replies that "[r]equest is vague and speculative as to 'any response you believe.'"  The Court finds that the request is clear and that Askew is compelled to produce those documents, if any, which relate to the response she believes Bon Secours should have taken to her complaints of discrimination and harassment.

Request 16 seeks documents relating to services for remuneration which Askew performed from January 1, 2001, to the present.  Askew responds "[s]ee documents attached."  Askew's supplemental document response included one paystub from her current employer.  Askew will be compelled to produce all

9

additional documentation in her custody or control relating to any work she has performed since her termination from Bon Secours.

Request 17 seeks documents relating to Askew's federal, state and local tax payments for the years 1999 through the present.  Askew replies that the period requested is too broad and that the request is not relevant.  In her supplemental response, Askew includes a copy of her 2005 federal tax return. Askew's earned income before and after her termination from Bon Secours is directly relevant to her claims of lost wages.  Askew, therefore, is compelled to produce the responsive documents, including her W-2s and tax returns for the years requested.

Request 18 seeks documents relating to benefits Askew has received from employers other than Bon Secours from January 1, 2001, to the present.  Askew replies that the request is not relevant.  As stated above, Askew's earned income, which includes benefits, is directly relevant to her claims of lost wages. Askew, therefore, is compelled to produce the responsive documents.

Request 30 seeks all documents which Askew identified or was asked to identify in response to Bon Secours' interrogatories. Askew replies that the request is too broad and that it implicates the attorney client privilege.  Bon Secours' interrogatories requested Askew to identify several relevant categories of documents.  Askew will be compelled to produce all responsive documents.  To the extent that Askew maintains a claim

10

of privilege, she must comply with the requirements of Rule 26 by creating a written description of those documents which she refuses to disclose.  See Fed. R. Civ. P. 26(b)(5); Hall, 231 F.R.D. at 473.

Finally, Bon Secours notes that, to Requests 2, 8, 10, 11, 12, 15, 16, 20, 21, 22, and 25-29, Askew replied "see attached." Bon Secours contends that, after reviewing the attached documents, it remains unclear which are designed to respond to Requests 2, 16, 20, 25, and 29.  Thus, Bon Secours asks the Court to compel Askew to identify the particular documents which correspond to these requests.  Askew has not opposed this request.  Thus, Askew will be compelled to state which documents produced correspond to the categories requested by Bon Secours. See Fed. R. Civ. P. 34(b) ("A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond in the categories in the request.").

### B.  Bon Secours' Motion to Strike Askew's Expert Disclosures

Federal Rule of Civil Procedure 26(a)(2) sets forth the requirements concerning the disclosure of expert testimony.  Such testimony must be made in accordance with the deadlines determined by a court order and must contain specific information.  Rule 26(a)(2)(B) requires that expert disclosures be accompanied by a written report prepared and signed by the witnesses which shall contain:

11

> a complete statement of all opinions to be
> expressed and the basis and reasons therefor;
> the data or other information considered by
> the witness in forming the opinions; any
> exhibits to be used as a summary of or
> support for the opinions; the qualifications
> of the witness, including a list of all
> publications authored by the witness within
> the preceding ten years; the compensation to
> be paid for the study and testimony; and a
> listing of any other cases in which the
> witness has testified as an expert at trial
> or by deposition within the preceding four
> years.

Fed. R. Civ. P. 26(a)(2)(B).

Rule 37 provides the remedy for expert disclosures which are untimely or insufficient.  "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1).

Under the scheduling order of June 6, 2006, Askew's Rule 26(a)(2) expert disclosures were due by August 7, 2006.  Paper No. 20.  On September 19, 2006, Askew filed with the Court and served on Bon Secours a "Designation of Expert Witnesses Fed. R. Civ. P. 26(a)(2)(A)."  Paper. No. 28.  That designation included only the names and addresses of three purported experts and the general statement that the "Expert witnesses will opine that Plaintiff suffered serious health condition [sic].  Further injuries suffered by Plaintiff was [sic] the direct result of the

12

treatment Plaintiff suffered at Bon Secours." This designation
was not timely filed and fails to comply with the substantive
requirements of Rule 26. Further, Askew's error was not harmless
as it has prevented Bon Secours from obtaining its own expert.
See Axel v. Apfel, 171 F. Supp. 2d 522, 524 n.1 (D. Md. 2000)
(noting that the submission of an insufficient expert report by a
plaintiff precludes a defendant from deposing the expert and
prevents the defendant from securing its own rebuttal expert).
Thus, because Askew failed to adhere to the deadline for
submission of expert testimony and because she failed to disclose
the information required by Rule 26, Bon Secours' motion to
strike Askew's expert disclosures will be granted.

Additionally, Bon Secours requests that its own deadline for
disclosing experts under Rule 26(a)(2) be extended to sixty days
after Askew has provided complete discovery responses. Askew's
failure to provide full and complete discovery, including the
failure to provide the expert disclosure information required
Rule 26, has prevented Bon Secours from obtaining its own expert
witnesses. Further, Askew has not opposed the request for an
extension. Thus, Bon Secours motion to extend the deadline for
providing its expert disclosures will be granted and, should Bon
Secours choose to utilize expert witnesses, it will be given 30
days from the date of this order to make the relevant
designations.

### C.  Askew's Motion to Compel

In its motion to compel, Askew contends generally that Bon
Secours has failed to produce relevant documents in response to
requests and has failed to produce adequate answers to her
interrogatories.  As noted above, this Court enjoys broad
discretion in managing discovery and in determining whether to
grant or deny a motion to compel under Rule 37.  Lone Star
Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d
922, 929 (4th Cir. 1995).  Rule 37 requires that a motion to
compel "include a certification that the movant has in good faith
conferred or attempted to confer with the person or party failing
to make the discovery in an effort to secure the information or
material without court action."  Fed. R. Civ. P. 37(a)(2)(B).
Additionally, local rules provide that "[t]he Court will not
consider any discovery motion unless the moving party has filed a
certificate reciting (a) the date, time and place of the
discovery conference, and the names of all the persons
participating therein, or (b) counsel's attempts to hold such a
conference without success; and (c) an itemization of the issues
requiring resolution by the Court."  Local Rule 104.7.  Local
rules also require that the memorandum of law accompanying the
motion to compel "shall set forth, as to each response to which
the motion is directed, the discovery request, the response
thereto, and the asserted basis for the insufficiency of the
response."  Local Rule 104.8.

Here, Askew's motion to compel fails to meet the procedural requirements of both the Federal Rules of Civil Procedure and the Local Rules.  First, Askew's motion does not include a sufficient certification of conference as required under Rule 37.  In an attempt to satisfy the certification requirement, Askew refers the Court to the telephone conference which Bon Secours used as the basis for its certification in its Motion to Extend Discovery.  <u>See</u> Paper No. 37, Attach. 2.  That telephone conference, occurred on September 13, 2006.  Paper No. 32, Attach. 2, p. 3; Paper No. 30, Attach. 7.  Askew's motion to compel, however, challenges discovery responses which were delivered on September 25, 2006.  Askew could not have discussed Bon Secours' deficient discovery responses prior to the time that Bon Secours submitted those responses.  Thus, reference to the conference call held on September 13, 2006, does not satisfy the certification requirements of Rule 37 or of Local Rule 104.7.

Additionally, Askew's memorandum of law in support of her motion to compel fails to set forth the discovery requests in question, the responses given, and the basis of the insufficiency asserted with regard to each challenged response in accordance with Local Rule 104.8.  Rather, in its entirety, Askew's memorandum of law states: "(1) The record in this case (2) FRCP 26 (3) FRCP 37[.]"  Paper No. 37, p. 2.  The substance of this memorandum clearly fails to comply with the requirements of the Local Rule 104.8.

The Court notes that the failure of Plaintiff's counsel to comply with the procedural and substantive requirements of the Federal and Local Rules throughout the discovery process raises some concern.  The Court declines Bon Secours' invitation to impose sanctions at this time, but admonishes counsel for Plaintiff that further failure to make disclosures or cooperate in discovery may result in the imposition of sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 37(a)(4)(A).

**III. CONCLUSION**

For the above stated reasons, Bon Secours' Motion to Compel will be GRANTED.  Bon Secours' Motion to Strike Plaintiff's Expert Disclosures and to Extend the Time in which Defendant may Provide Its Expert Disclosures will be GRANTED.  Askew's Motion to Compel will be DENIED.  A separate order consistent with this memorandum will follow.

_____/s/_____

William M. Nickerson
Senior United States District Judge

Dated: November 29, 2006

16