IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUDREY ASKEW                        :
                                    :
v.                                  :   Civ. No. WMN-06-666
                                    :
BON SECOURS HEALTH SYSTEM, INC. :


**MEMORANDUM**

Before the Court is Defendant Bon Secours Health System,
Inc.'s Motion to Extend Case Management Dates for the Second Time
and for Sanctions.  Paper No. 44.[1]  The motion is unopposed and
is now ripe for decision.  Upon a review of the motion and
applicable case law, the Court determines that no hearing is
necessary (Local Rule 105.6) and that Defendant's motion to
extend case management dates will be denied as moot and its
motion for sanctions will be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The underlying complaint in this case asserts claims for
employment discrimination and violations of the Family Medical
Leave Act (FMLA) arising from Bon Secours' termination of Askew's
employment.  On April 27, 2006, the Court granted, in part,
Defendant's unopposed motion to dismiss the claims in the
original complaint, including all of the claims against
individual defendants.  Paper No. 15.  Following that Order,

---

[1]  Also before the Court is Defendant's Motion to Amend
Order Extending Time in Which It May Serve Its Expert
Disclosures.  Paper No. 43.  This motion will be denied as moot.

discovery in this case has been interrupted on several occasions by motions from both Plaintiff and Defendant alleging deficient compliance with discovery requests.

Defendant served its initial discovery requests on Plaintiff's counsel on June 28, 2006, but received no response until August 19, 2006.  <u>See</u> Fed. R. Civ. P. 33(b)(3), 34(b) (requiring responses to interrogatories and document requests within 30 days of service).  After receipt of the responses, Defendant filed an unopposed motion for an extension of discovery, Paper No. 26, which the Court granted, alleging that the responses were seriously inadequate, precluding Defendant from completing third-party discovery and preparing for Plaintiff's deposition.  Following a conference call with opposing counsel regarding the deficiency of the responses, Plaintiff's counsel agreed to submit supplemental responses by September 18, 2006.  On September 20, 2006, Defendant filed a motion to compel, noting receipt of the supplemental responses but alleging that they remained seriously deficient.  Paper No. 30.  With Defendant's motion to compel pending, the Court again extended the time to complete discovery, granting Defendant's October 4, 2006 motion, which cited serious deficiencies in Plaintiff's disclosures, particularly with respect to Plaintiff counsel's failure to timely designate expert witnesses pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.  Paper No.

2

32.  On October 5, 2006, Defendant moved to strike Plaintiff's expert disclosures.  Paper No. 33.  On October 19, 2006, Plaintiff responded with her own motion to compel, generally alleging that Defendant failed to comply with discovery requests. Paper No. 37.

On November 29, 2006, the Court denied Plaintiff's motion to compel, finding that it failed to meet the procedural requirements of both the Federal and Local Rules.  Mem. & Order dated Nov. 29, 2006, Papers No. 41, 42.[2]  The Court granted Defendant's motion to strike Plaintiff's expert disclosures, finding that the designations Plaintiff submitted were untimely, that they failed to meet the content requirements of Rule 26(a), and that the deficiencies of the designations prevented Defendant from obtaining its own expert.  Id.  The Court also granted Defendant's motion to compel, finding that Plaintiff's responses to several interrogatories were deficient and that Plaintiff failed to adequately reply to several requests for production of documents.  Id.  The Court ordered Plaintiff to submit supplementary responses within 30 days.  Id.  In closing, the

---

[2]  Specifically, the Court found that Plaintiff's counsel failed to confer or attempt to confer with defense counsel in accordance with Fed. R. Civ. P. 37(a)(2)(B), and that Plaintiff's memorandum of law in support of the motion failed to set forth the discovery requests in question, the responses given, and the basis of the insufficiency asserted with regard to each challenged response in accordance with Local Rule 104.8.  Mem. dated Nov. 29, 2006, 14-16.

Court specifically noted its concern with Plaintiff's continued failure to comply with the procedural and substantive requirements of the Federal and Local Rules throughout the discovery process, and admonished counsel for Plaintiff that further failures could result in the imposition of sanctions. Id.

In the instant motion, Defendant claims that Plaintiff has failed to comply with the Court's order, noting that, as of January 9, 2007, Plaintiff had not provided any supplemental discovery responses.  Defendant alleges that Plaintiff's failure to participate in discovery has precluded it from gaining a full understanding of her claims, adequately preparing to take her deposition, engaging in third-party discovery, gauging its needs to identify and retain expert witnesses, and effectively preparing a defense in anticipation of dispositive motions and trial.  As a result of Plaintiff's shortcomings, Defendant requests that the Court extend the current discovery period and impose sanctions.

**II.  DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure governs the imposition of sanctions for failure to make disclosures or to cooperate in discovery.  Rule 37(b) specifically provides for

sanctions for failure to obey discovery orders.[3]  Under Rule 37(b), the Court has discretion to implement sanctions as may be appropriate, including dismissal of the action.  Fed. R. Civ. P. 37(b)(2)(C); see 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2289 (2d ed. 1994).

The Fourth Circuit has articulated a four factor test useful

---

[3] Rule 37(b) provides, in pertinent part:
> (2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f),the court in which the action is pending may ake such orders in regard to the failure as are just, and among others the following:
> ***
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> ***
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

in determining the propriety of the more extreme sanctions under
Rule 37, including judgment by default and dismissal.  Under that
test, the district court should consider: "(1) whether the
noncomplying party acted in bad faith; (2) the amount of
prejudice his noncompliance caused his adversary, which
necessarily includes an inquiry into the materiality of the
evidence he failed to produce; (3) the need for deterrence of the
particular sort of noncompliance; and (4) the effectiveness of
less drastic sanctions."  <u>Mut. Fed. Sav. & Loan Ass'n v. Richards
& Assocs., Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989).

Here, Plaintiff's responses to discovery requests have been
untimely and insufficient throughout the discovery process.
Plaintiff's substantive responses to interrogatories have been
seriously deficient, her responses to document requests have been
incomplete, and her expert disclosures failed to satisfy even the
most basic substantive requirements of the Federal Rules.  In
granting Defendant's motion to compel, this Court warned that
continued noncompliance could result in sanctions.  Plaintiff,
however, has failed to respond to both the Court's order and the
instant motion.  Based on the record of the discovery
proceedings, the Court finds that Plaintiff has acted in bad
faith in failing to participate fully in discovery and in her
continued noncompliance with the Court's discovery order.

Second, Plaintiff's noncompliance has resulted in prejudice
to Defendant.  As the Court found in its Memorandum of November
29, 2006, Plaintiff's insufficient expert disclosures prevented

Defendant from obtaining its own expert.  Additionally, Defendant
claims that Plaintiff's noncompliance has precluded it from
effectively preparing a defense in anticipation of dispositive
motions and trial.  As Plaintiff has failed to refute these
claims, the Court accepts Defendant's allegations and finds that
Plaintiff's failure to participate in discovery has been
materially prejudicial.

Third, failure to comply with the Federal Rules of Civil
Procedure and with discovery orders of the Court constitutes
conduct which clearly must be deterred.  See id. at 93 (finding
that "stalling and ignoring the direct orders of the court . . .
must obviously be deterred").

Finally, as to the effectiveness of less drastic sanctions,
the Court notes that its determination to strike Plaintiff's
expert disclosures was ineffective in motivating Plaintiff to
participate in discovery.  The Court finds, however, that rather
than imposition of the more extreme sanctions of default judgment
or dismissal with prejudice, the lesser sanction of dismissal
without prejudice will effectively deter future disrespect for
the judicial system.  See Wilson v. Volkswagen of America, Inc.,
561 F.2d 494, 503-504 (4th Cir. 1977) (finding that, "it is the
normal rule that the proper sanction must be no more severe . . .
than is necessary to prevent prejudice to the movant[,]" and
that, where the sanction imposed infringes upon "a party's right
to trial by jury under the seventh amendment[,]" the lower

court's "range of discretion is more narrow than when the Court
is imposing other less severe sanctions") (internal quotations
omitted).

    In addition to dismissal, the Court will award attorneys
fees to Defendant for its preparation of the instant motion in
accordance with the final paragraph of Rule 37(b)(2).  As noted
previously, Rule 37(b)(2) provides that "the court shall require
the party failing to obey the order or the attorney advising that
party or both to pay the reasonable expenses, including
attorney's fees, caused by the failure, unless the court finds
that the failure was substantially justified or that other
circumstances make an award of expenses unjust."  Here, Plaintiff
has failed to reply to the instant motion and, therefore, has not
presented any circumstances under which an award of expenses
could be considered unjust.  See Bosworth v. Record Data of
Maryland, Inc. 102 F.R.D. 518, 520 (D. Md. 1984) (finding that,
under Rule 37(b)(2), "the imposition of reasonable expenses is
mandatory, unless the record establishes either that the failure
to obey the Court order was substantially justified or that other
circumstances make an award of expenses unjust") (internal
quotations omitted); 8A Wright, Miller & Marcus, Federal Practice
and Procedure § 2289 (noting that the final paragraph of Rule
37(b)(2) made the imposition of sanctions for failure to comply
with a discovery order "mandatory, regardless of what other
sanctions may be imposed, unless the delinquent party shows
substantial justification for its failure or other circumstances

8

making an award unjust").

In awarding sanctions, it is the Court's finding that counsel for Plaintiff has been primarily responsible for the discovery shortcomings.  Plaintiff's counsel has never presented evidence that the repeated untimeliness of his submissions were justified by circumstances beyond his control, nor has he attempted to explain his failure to abide by federal and local procedural rules.  In the absence of any showing of justification for his client's noncompliance with discovery, the Court orders that Plaintiff's counsel bear responsibility for the financial sanction.  See Daye v. General Motors Corp., 172 F.R.D. 173, 179 (M.D.N.C. 1997) (finding an attorney, unable to justify his neglect of the Court's discovery order, may be primarily responsible for the financial sanctions imposed by the Court). Accordingly, the Court will award costs and a reasonable attorney's fee to Defendant's counsel for the expenses associated with the preparation of the instant motion.  Counsel for Defendant shall submit an affidavit to this Court within 14 days of the date of the accompanying Order detailing the expenses it has incurred with respect to this motion.

**III. CONCLUSION**

For the above stated reasons, Defendant's Motion to Extend Case Management Dates for the Second Time and for Sanctions will be granted in part and denied in part.  A separate order consistent with this memorandum will follow.

9

_____/s/_____

William M. Nickerson
Senior United States District Judge

Dated: February 1, 2007